UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AFFILIATED ORTHOPAEDIC SPECIALISTS, P.A., <br><br> Plaintiff, <br><br> -against- <br><br> AETNA LIFE INSURANCE COMPANY, <br><br> Defendant. | Index No.: <br><br><br> **COMPLAINT** |

Plaintiff Affiliated Orthopaedic Specialists, P.A. ("Plaintiff"), on assignment of John D., by and through its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against Aetna Life Insurance Company ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a New Jersey medical practice registered to do business in the State of New Jersey with a principal place of business at 2186 State Highway 27, North Brunswick, New Jersey 08902.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New Jersey.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue was provided to the assignor's employer and is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

## FACTUAL BACKGROUND

4. Plaintiff is a medical practice comprised of physicians that specialize in orthopedic surgery.

5. On April 30, 2018, one of Plaintiff's physicians, Dr. Steven Reich, M.D., performed surgical treatment on John D. ("Patient"). (*See*, **Exhibit A**, attached hereto.)

6. Specifically, Dr. Reich performed a cervical corpectomy and fusion procedure to treat a condition affecting Patient's cervical spine known as myelopathy. *Id*.

7. At the time of Dr. Reich's treatment of Patient, Patient was the beneficiary of an employer-based health insurance plan ("Plan") administered by Defendant.

8. Patient assigned his applicable health insurance rights and benefits to Plaintiff. (*See*, **Exhibit B**, attached hereto.)

9. After the subject medical treatment, Plaintiff submitted a HCFA medical bill to Defendant seeking payment for the performed treatment in the total amount of $111,458.00. (*See*, **Exhibit C**, attached hereto.)

10. As an out-of-network medical practice, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's treatment of Defendant's members.

11. In response to Plaintiff's HCFA medical bill, Defendant issued payment in the total amount of $35,088.00. (*See*, **Exhibit D**, attached hereto.)

12. The remaining $76,370.00 of Plaintiff's charges were not covered by Defendant. *Id*.

13. Of the $76,370.00 in charges not covered by Defendant, $19,322.00 relate to Current Procedural Terminology ("CPT") Code 22845. Defendant denied payment for this CPT Code in its entirety. *Id*.

14. Pursuant to Plaintiff's explanation of benefits ("EOB"), Defendant denied CPT Code 22845 because the service associated with this code "is mutually exclusive to another procedure performed on the same date of service." *Id*.

15. Upon information and belief, Defendant's basis for denying payment for CPT Code 22845, as alluded to in Defendant's explanation of benefits, is that the code is mutually exclusive to CPT Code 22853. Thus, per Defendant's position, since Defendant issued payment for CPT Code 22853, no separate payment is due for CPT Code 22845.

16. However, as conveyed to Defendant via multiple internal appeals, under the specific circumstances of Patient's treatment, CPT Code 22845 *is* subject to separate payment, pursuant to applicable medical coding guidelines. (*See*, **Exhibit E**, attached hereto.)

17. As stated in multiple internal appeals, CPT Code 22845 was billed in connection with anterior plating and instrumentation, while CPT Code 22853 was billed for the insertion of an interbody biomechanical device. Because the plating and instrumentation relating to CPT Code 22845 were separate from the device relating to CPT Code 22853, the two CPT Codes are subject to separate reimbursement, pursuant to appliable medical coding guidelines. *Id*.

18. Defendant failed to issue a substantive response to either of Plaintiff's internal appeals.

19. As noted earlier, of the $76,370.00 in charges not covered by Defendant, $19,322.00 relate to CPT Code 22845 which Defendant denied entirely.

20. An additional $2,395.00 relate to CPT Code 20936 which Defendant also denied in its entirety as incidental to other performed services. (*See*, **Exhibit D**.) Plaintiff does not dispute Defendant's denial of CPT Code 20936.

21. The remaining $54,653.00 in charges denied by Defendant were based on Defendant's contention that Plaintiff's charges are in excess of "the prevailing charge level made for the service in the geographical area where it [was] provided." *Id.*

22. In other words, while Patient's insurance plan provides coverage for out-of-network treatment at usual and customary rates, Defendant determined that Plaintiff's charges are in excess of usual and customary rates, and thereby reduced its reimbursement by $54,653.00.

23. However, as noted in Plaintiff's internal appeals, Plaintiff's charges are consistent with usual and customary rates and Defendant's reduction in its payment determination on such basis was improper.

24. When accounting for Defendant's improper denial of CPT Code 22845 as well as Defendant's improper usual and customary reduction, Defendant should have reimbursed Plaintiff an additional $73,975.00.

25. Plaintiff has thus been damaged in the total amount of $73,975.00.

26. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

27. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28. Plaintiff avers this Count to the extent ERISA governs this dispute.

29. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

30. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient.

31. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

32. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

33. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

## BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

36. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

37. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

38. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

39. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

40. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

41. Here, when Defendant acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other

6

reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

42. Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order directing Defendant to pay Plaintiff $73,975.00;
B. For an Order directing Defendant to pay Plaintiff all benefits Patient would be entitled to under the insurance plan or policy issued by Defendant;
C. For compensatory damages and interest;
D. For attorney's fees and costs of suit; and
E. For such other and further relief as the Court may deem just and equitable.

Dated: New York, New York
January 30, 2020

SCHWARTZ SLADKUS
REICH GREENBERG ATLAS LLP
*Attorneys for Plaintiff*

By: /s/ Michael Gottlieb
Michael Gottlieb
444 Madison Avenue
New York, New York 10022
(212) 743-7054